UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE TALENT, | Case No. 2:24-cv-01266-DJC-CSK |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | |
| Defendants. | (ECF Nos. 1, 2, 10, 15) |

Plaintiff David Wayne Talent is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I. **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.    THE COMPLAINT**

Plaintiff's Complaint uses the fillable form complaint and names the following defendants: "Department of Homeland Security", "Sacramento Department of Child Support", "[t]he State Department", and "Department Health and Human Services". Compl. at 2 (ECF No. 1). Plaintiff asserts federal question jurisdiction. *Id*. at 3. However, when asked to list the basis for federal question jurisdiction, Plaintiff states: "There is no federal government – Can not report to or speak to." *Id.* The brief factual allegations are

vague and incoherent. For his short and plain statement of his claim(s), Plaintiff states, the following:

> Federal government gone, State government limited, low level communication only. County access only, blocked by police and Sherriff's department. Employment blocked, bank accounts blocked, internet blocked, all communications blocked, phones communication through some sort of central hub blocking communications, Child Support attacking income, cell completely attacked and or threatened, State ID's being taken, mail being filtered and blocked, verbal attack being implemented, proof provided in all case files.

*Id*. at 4. In addition, Plaintiff alleges he was denied the right to file paperwork in federal court; has been unable to contact the "FBI[,] Homeland[,] NSA[,] and even Washington DC"; has been "under attack"; the "superior court is blocked by low level police and sheriff employer's'"; currently hold[s] $100,000,000 in default judgments from state and federal agencies"; filed a "human rights claim with the UN"; and the "current govt is trying to erase my existence for possible monetary value." *Id*. at 7-9. Plaintiff also attaches 140-pages of miscellaneous and convoluted documents. *Id*. at 6, 10-140. For example, Plaintiff includes filings from state court relating to kidnapping allegations and what appears to be criminal charges (ECF No. 1 at 6, 21-23); filings relating to requests for default in Sacramento County and the United States District Court for the Eastern District of Northern Carolina (ECF No. 1 at 16-20, 57-59, 61-72); filings from Onslow County Superior Court in North Carolina in what appears to be a child support action (ECF No. 1 at 31-33, 54). For relief, Plaintiff appears to allege he is owed "$75,000,000 in Federal and State Default judgment." *Id*.

**III.    DISCUSSION**

    **A.    Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546

(1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts, to the extent the facts are discernible. Therefore, the Court lacks subject matter jurisdiction based on federal question.

In addition, the Complaint fails to establish diversity jurisdiction. Although Plaintiff states the amount in controversy is $75 million, Plaintiff fails to establish that there is complete diversity of citizenship. At least one defendant, like Plaintiff, is a citizen of California. *See* Compl. at 2 (naming Defendant Sacramento Department of Child Support). The Court notes that although Plaintiff stated in the Complaint he is a citizen of North Carolina (Compl. at 1), Plaintiff's recent address change indicates he now resides in Auburn, California. *See* ECF No. 16; *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims

and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Court is unable to discern what causes of action Plaintiff intends to bring. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint consists entirely of allegations with no basis in law and no plausible supporting facts. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against any defendant. The contents of the Complaint are sufficiently unintelligible that leave to amend in this case would not be fruitful. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## IV. MOTIONS FOR EXTENSION OF TIME

Plaintiff has also filed two motions for an extension of time to serve the summons and Complaint. (ECF Nos. 10, 15.) These motions are denied as moot because the Complaint must be screened prior to service of the Complaint.

/ / /

/ / /

/ / /

**V.    CONCLUSION**

In accordance with the above, IT IS **ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. Plaintiff's requests for extension of time (ECF Nos. 10, 15) are DENIED.

In addition, IT IS **RECOMMENDED** that the Complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim, and where amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 3, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, talen1266.24